IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:07-cr-00199-SWW |
| | * | |
| | * | |
| JON KARL THOMPSON, | * | |
| | * | |
| Defendant. | * | |

ORDER

The pro se petition [doc.#59] of defendant Jon Karl Thompson for an "Extraordinary Writ of Frror [sic] Coram Nobis" is denied for the same reasons the Court, by orders entered February 10, 2016 [doc.#50], April 28, 2016 [doc.#54], and July 26, 2016 [doc.#57], denied his motions asking that 18 U.S.C. § 4248(d) civil commitment proceedings against him in the Eastern District of North Carolina be halted.[1]  The Court again informs Thompson that it has no jurisdiction or other authority to intervene in the Eastern District of North Carolina's consideration of the § 4248 civil commitment

---

[1] The Court's order entered July 26, 2016 [doc.#57], also denied a motion of Thompson for a writ of error coram nobis.  Coram nobis relief under 28 U.S.C. § 1651 is available as a remedy to vacate a federal conviction when the sentence imposed has already been served. *Dickson v. United States*, No. 5:10-cr-50124, 2016 WL 2659602, at *2 (W.D. Ark. May 9, 2016).  However, "'[a]lthough the term has been served, the results of the conviction may persist.'" *Id*. (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954)).  "A writ of coram nobis is an 'extraordinary remedy,' and courts should grant the writ 'only under circumstances compelling such action to achieve justice'" and "to correct errors 'of the most fundamental character.'" *Baranski v. United States*, No. 4:11-cv-123, 2016 WL 1258583, at *3 (E.D. Mo. March 31, 2016) (quoting *Morgan*, 346 U.S. at 511-12).  Those standards have not been met here.

petition against him; rather, any relief Thompson seeks concerning that proceeding must be sought in the Eastern District of North Carolina.

IT IS SO ORDERED this 7th day of December 2016.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE